**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4731**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

CHARLES RICHARD BURKE, a/k/a Rick, a/k/a "D", a/k/a Detroit
Rick, a/k/a Hasim Coleman, a/k/a Rick Calloway, a/k/a Jihad
Alexander,

                Defendant - Appellant.

Appeal from the United States District Court for the Southern
District of West Virginia, at Huntington.  Robert C. Chambers,
District Judge.  (3:10-cr-00224-1)

Submitted:  May 17, 2013              Decided:  June 6, 2013

Before DAVIS, WYNN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael D. Payne, REDMAN & PAYNE, ATTORNEYS AT LAW, Charleston,
West Virginia, for Appellant.  R. Booth Goodwin II, United
States Attorney, R. Gregory McVey, Assistant United States
Attorney, Huntington, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Richard Burke appeals his sentence of 236 months of imprisonment following his guilty plea to conspiracy to distribute oxycodone and 280 grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2006). Burke contends that the district court erred in determining that his prior state and federal felony drug convictions are separate sentences under U.S. Sentencing Guidelines Manual ("USSG") § 4A1.2(a)(2) (2011), and, consequently, incorrectly classified him as a career offender under USSG § 4B1.1(a). We affirm.

In assessing a challenge to the district court's application of the Guidelines, we review the district court's factual findings for clear error and its legal conclusions de novo. United States v. Perez, 609 F.3d 609, 612 (4th Cir. 2010).

Pursuant to USSG § 4A1.2(a)(2), "[p]rior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest . . . ." USSG § 4A1.2(a)(2). In the absence of an intervening arrest, "prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day." Id. Accordingly, where a defendant, like Burke, has been sentenced on different days for federal and state crimes charged

2

in separate indictments, those convictions are properly counted as separate sentences under § 4B1.1.  See United States v. Rooks, 596 F.3d 204, 212-13 (4th Cir. 2010) (explaining that defendant's state and federal convictions, for which he was indicted and sentenced separately, should be counted as separate offenses despite the fact that they arose from the same course of criminal conduct).

We therefore find no error in Burke's classification as a career offender and affirm his sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED